# CHARLESTOWN.

LAYNE'S ADM'R *et al. v.* JOHNSON *et al.*

Submitted January 18, 1883—Decided September 22, 1883.

(\*SNYDER, JUDGE, Absent.)

1. Where L. sold a tract of land to J. and H. in 1859, and afterwards L. became insane, and his committee made a compromise with J. and H., the effect of which was to cancel the sale and refund the purchase-money paid, and the committee failing to repay the money J. and H. filed a bill to compel such payment, and the committee and heirs of L. were defendants, and said heirs filed a cross-bill and prayed to have said compromise set aside and the original contract enforced, and the court decreed, that the compromise was valid and required it to be enforced, and under said decree J. and H. gave up possession of the land, and L.'s heirs entered into possession thereof, and while they were so in possession, a part of the land was condemned for the use of a railroad company, in which proceedings of condemnation L.'s heirs were the only defendants, and three thousand eight hundred and twelve dollars was awarded them as damages ; and after the condemnation L.'s heirs appealed from the decree enforcing the compromise, and the Court of Appeals reversed the decree and required the original contract to be enforced, and J. and H. filed an answer claiming credit for the railroad damages awarded L.'s heirs, which claim was resisted. HELD :

   J. and H. were entitled to be allowed on their debt for the land credit to the amount of the said damages, whether the same had been paid to L.'s heirs or not, J. and H. having been without fault deprived of the land, for which the damage was awarded.

The facts of the case are stated in the opinion of the Court.

*J. D. Logan* for appellants.

*A. N. Campbell, R. F. Dennis,* and *Price & Preston* for appellees.

JOHNSON, PRESIDENT:

D. B. Layne in March, 1859, sold four hundred and fourteen acres of land in Monroe county to Thomas Johnson and William Hinchman jr. Some time after Layne became insane, and L. P. Holloway was appointed his committee and as such brought suit against Johnson and Hinchman to

\*Counsel below.

enforce the contract for the sale of said land. After suit was brought, said Holloway as committee and said Johnson and Hinchman made an agreement in writing by which a compromise was effected, and said contract of sale was rescinded on certain terms therein specified. Holloway failed to carry out the agreement; and Johnson and Hinchman filed a bill in the circuit court of Monroe county for the specific performance of the last mentioned contract. On the 20th day of May, 1870, the said court entered a decree enforcing said contract. From that decree Layne's heirs appealed to this Court, and the said decree was reversed, on the ground that the committee had no right to make the contract. Layne's heirs had filed a cross-bill in the cause praying for specific performance of the contract of 1859, and this Court remanded the cause with leave to the heirs of Layne to proceed on the cross-bill, as if it were an original bill. (7 W. Va. 152.)

After the cause was remanded, the defendant, Johnson, Hinchman being dead and his heirs being before the court, filed his answer, in which he set out the credits, to which, he claimed, the defendants were entitled. In this answer he avers, that by the decision of the circuit court the heirs of Layne were let into possession of said land, and that they had held and enjoyed such possession for four or five years and were yet in possession, and while they were so in possession, the Chesapeake and Ohio Railroad Company had a portion of said land condemned for the use of said road, and that the attorney of the heirs of said Layne received the condemnation-money amounting to three thousand eight hundred and twelve dollars.

The answer further avers, that whether the said heirs received said money or not, they suffered said company to take possession of the roadway and occupy and use it and acquire the legal title thereto, so as to prevent respondent and those interested with him from having any authority over it. The answer further claims credit for the rents, while the heirs of Layne were in possession, and for a lot of bricks sold off the farm.

The cause was referred to a commissioner to state an account. The commissioner reported among other things,

that defendants were entitled to a credit of three thousand eight hundred and twelve dollars, that being the amount of the railroad damages, two hundred and thirty-two dollars and fifty cents for bricks sold and for rent at five hundred dollars per year, while the heirs of Layne occupied the land, and that only eight hundred and twenty-five dollars and thirty-one cents was due on the purchase-money as of the 10th of May, 1877. To this report the heirs excepted, 1st, because commissioner had credited defendants with the railroad damages, three thousand eight hundred and twelve dollars; 2d, because the allowance for the brick was too much, according to the evidence; 3d, because the taxes had not been deducted from the rent each year. The court by its decree of October 17, 1877, overruled the exceptions and confirmed the report. From this decree the administrator and heirs of Layne appealed.

It is here contended, that the court erred in not sustaining the exceptions to commissioner's report as to the rent and bricks. I deem it unnecessary to review the evidence as to these two items; but it is clear to my mind, that they are both fully sustained by the evidence. The evidence shows, that the rental value of the land was five hundred dollars, clear of taxes. The well established rule is, that an appellate court will not disturb the finding of a commissioner as to facts, unless such finding is plainly against the weight of evidence.

The main question presented is: Should the defendants have been allowed credit for the railroad damages amounting to three thousand eight hundred and twelve dollars? The record discloses the fact, that the decree sustaining the compromise and in effect annulling the contract of 1859 was entered on the 20th day of May, 1870. On the 8th of August, 1871, a decree was entered ascertaining the amount in which the heirs of Layne were indebted to Johnson and Hinchman, to be eight thousand five hundred and forty dollars and eleven cents, and ordering the amount to be paid, in default of which the land was ordered to be sold. From this decree Layne's heirs appealed. Before this appeal was taken and after the said decree of May 20, 1870, to-wit, on the last day of November, 1870, the Layne heirs took pos-

session of said land. Proceedings for the condemnation of the land were commenced by the Chesapeake and Ohio Railroad Company, against the heirs of Layne but not against Johnson and Hinchman, after the decree of 20th May, 1870; and on the 8th day of August, 1871, the commissioners returned their report ascertaining said damages against said railroad company in favor of the heirs of Layne by name, they being the only parties to the proceeding. The report was confirmed. With this proceeding the defendants here, Johnson, and Hinchman's heirs, had nothing whatever to do. They were satisfied with the decree in their favor, which up to this time had not been appealed from. The damages by the railroad company were ascertained to be due to the heirs of Layne. Of course Johnson, and Hinchman's heirs could not collect it, and now they certainly, according to the principles of equity ought to have credit on their purchase for the land, which they did not get, and damages to the residue, for which certainly they had no opportunity to prosecute, which land and damages were ascertained to be the amount paid by the commissioner. Whether the money was actually paid to the heirs of Layne or to their counsel is not a proper subject of inquiry here. If the money was not paid by the company to them or to their counsel, they may collect it yet, if they have not waited too long. Certainly Johnson, and Hinchman's heirs had no right to collect it.

The decree of the circuit court of Monroe county must be affirmed with costs and thirty dollars damages.

Judges Green and Woods Concurred.

Decree Affirmed.